## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF LOUISIANA
## LAFAYETTE-OPELOUSAS DIVISION

| | |
|---|---|
| GLENN DURGIN, Individually and on behalf of others similarly situated | CIVIL ACTION NO.: |
| VERSUS | HONORABLE JUDGE: |
| ALLSTATE PROPERTY AND CASUALTY INSURANCE COMPANY | MAGISTRATE JUDGE: |

**PETITION FOR PROPERTY DAMAGES, PENALTIES, ATTORNEY'S FEES AND FOR CLASS CERTIFICATION**

The complaint of GLENN DURGIN, of lawful age and a resident of Scott, Louisiana, individually and on behalf of others similarly situated, herein represented by undersigned counsel, represents that:

1.

Made defendant herein is the following, to-wit:

a) ALLSTATE PROPERTY AND CASUALTY INSURANCE COMPANY (ALLSTATE), a foreign insurance company licensed to do and is doing business in the Parish of Lafayette, State of Louisiana.

2.

Defendant is truly indebted to the complainant in an amount commensurate with the damages sustained for the following, to-wit:

**JURISDICTION AND VENUE**

3.

This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332.

4.

Named complainant and potential class members were Louisiana resident policyholders of Allstate Property and Casualty Insurance Company which are foreign insurance companies

authorized to do and doing business in Louisiana and which issues automobile insurance policies through its various entities to include Allstate Insurance Company, Allstate Fire and Casualty Insurance Company, Allstate Indemnity Company, Allstate Property and Casualty Insurance Company, and Allstate Vehicle and Property Insurance Company in Lafayette Parish, Louisiana.

5.

As hereinafter more fully appears, the defendant breached its contractual obligations under policies issued in Lafayette Parish, State of Louisiana.

6.

The issues raised herein arise out of defendant's contractual relations created and issued within the State of Louisiana.

## BACKGROUND AND BASIS FOR CLAIMS

7.

On or about August 12, 2016, Complainant, Glenn Durgin's, vehicle, a 2013 Ford F-150 Limited SuperCrew 4WD, received flood damage in Lafayette Parish, Louisiana.

8.

The Complainant's vehicle, a 2013 Ford F-150 Limited SuperCrew, was severely damaged in this flood so that the estimates to repair the vehicle exceeded the value of the vehicle. Complainant made a claim against the collision coverage of his automobile policy with Allstate Property and Casualty Insurance Company.

9.

Allstate Property and Casualty Insurance Company is an automobile insurer which writes policies in Louisiana which policies, including the policy issued to Complainant provide that in return for payment of a premium, Allstate Property and Casualty Insurance Company will pay the actual cash value (ACV) of an insured vehicle when a total loss occurs.

10.

Beginning in 2012, to determine ACV, Allstate Property and Casualty Insurance Company employed the use of a valuation product marketed and sold to it by CCC Information Services, Inc. and called the CCC One Market Valuation Report.

11.

The aforementioned CCC market valuation report is a product marketed exclusively to insurance companies like Allstate by CCC Information Services, Inc.

12.

Louisiana law requires insurers to use one of three methods to determine ACV for an insured's total loss vehicle as outlined in LSA-R.S. 22:1892.

13.

LSA-R.S. 22:1892B(5)(a) provides for the use of a fair market survey conducted using qualified retail automobile dealers in the local market, or the nearest reasonable market if there are no dealers in the local market.

14.

LSA-R.S. 22:1892B(5)(b) provides that the retail cost can be determined by a generally recognized used motor vehicle industry source; such as, an electronic database, if the valuation documents generated by the database are provided to the first party claimant, or a guidebook that is available to the general public.

15.

LSA-R.S. 22:1892B(5)(c) provides for the use of a qualified expert appraiser selected and agreed upon by the insured and insurer.

16.

The relevant portion of the CCC One Market Valuation Report for Complainant, Glenn Durgin, is copied and inserted here:

CCC ONE **MARKET VALUATION REPORT**

*Prepared for ALLSTATE PROPERTY & CASUALTY*

## REPORT SUMMARY

### CLAIM INFORMATION

| | |
|---|---|
| Owner | Durgin, Glenn<br>Scott, LA 70583 |
| Loss Vehicle | 2013 Ford F-150 Limited SuperCrew 145" WB 4WD |
| Loss Incident Date | 08/12/2016 |
| Claim Reported | 08/14/2016 |

### INSURANCE INFORMATION

| | |
|---|---|
| Report Reference Number | 81845317 -3 |
| Claim Reference | 000424798899H01 |
| Adjuster | 318, Adjuster |
| Odometer | 45,000 |
| Last Updated | 08/14/2016 03:07 PM |

### VALUATION SUMMARY

| | |
|---|---|
| **Base Vehicle Value** | **$ 32,699.00** |
| Condition Adjustment | + $ 1,685.00 |
| **Adjusted Vehicle Value** | **$ 34,384.00** |
| Vehicular Tax (9%) | + $ 3,094.56 |
| Tax reflects applicable state, county and municipal taxes. | |
| DMV Fee | + $ 76.50 |
| **Value before Deductible** | **$ 37,555.06** |
| Deductible | - $ 250.00 |
| **Total** | **$ 37,305.06** |

The total may not represent the total of the settlement as other factors (e.g. license and fees) may need to be taken into account.

The CCC ONE® Market Valuation Report reflects CCC Information Services Inc.'s opinion as to the value of the loss vehicle, based on information provided to CCC by ALLSTATE PROPERTY & CASUALTY.

Loss vehicle has 17% fewer than average mileage of 53,900.

BASE VEHICLE VALUE

This is derived from comparable vehicle(s) available or recently available in the marketplace at the time of valuation, per our valuation methodology described on the next page.

ADJUSTED VEHICLE VALUE

This is determined by adjusting the Base Vehicle Value to account for the actual condition of the loss vehicle and certain other reported attributes, if any, such as refurbishments and after factory equipment.

**Inside the Report**

Valuation Methodology........ 2
Vehicle Information........ 3
Vehicle Condition........ 7
Comparable Vehicles........ 9
Valuation Notes........ 12
Supplemental Information........ 13

© Copyright 2016 CCC Information Services Inc. All Rights Reserved. Page 1 of 16

17.

The CCC valuation report describes the base value for Complainant's 2013 Ford F-150 Limited Super Crew 4WD with 45k miles as $32,699.00.

18.

The CCC valuation report describes a positive condition adjustment of $1,685.00 to give an "Adjusted Vehicle Value" of $34,384.00. From this amount, a 9% vehicle tax is added of $3,094.56 and a DMV fee (Department of Motor Vehicles) is added in the amount of $76.50. The "Value before Deductible" is the sum of these amounts: $37,555.06 before Complainant's deductible in the amount of $250.00 is applied, leaving a "Total" of $37,305.06.

19.

The CCC valuation system applies a "Condition Adjustment" either positive or negative, by using comparable vehicles but without knowing or examining the condition of the comparables used.

20.

The CCC Valuation system employs an algorithm to determine the adjustment amount for the comparables that is based on national data base(s) for vehicles and not local markets.

21.

NADA valuation reports for Complainant's vehicle described its "Clean Retail" value as approximately $37,000.00 adjusted for mileage and options.

22.

As an example for the Court, if the Condition Adjustment from the CCC valuation report of $1,685.00 was applied to the NADA Clean Retail Value for Complainant's vehicle the Adjusted Vehicle Value would be $38,685.00 or $4,301.00 higher.

## BREACH OF CONTRACT AND BAD FAITH

23.

Complainant represents that the CCC valuation report used by Allstate Property and Casualty Insurance Company is unlawfully low in its evaluations of vehicle values and that Allstate Property and Casualty Insurance Company is aware of this fact.

24.

Complainant represents the CCC valuation report is used by Allstate Property and Casualty Insurance Company to intentionally undervalue total loss vehicles through the use of obscure adjustments which systematically reduce values derived from comparables and which does not comply with any of the methods required for valuation under LSA-R.S. 22:1892.

25.

Complainant represents that separate and apart from the CCC One Market Valuation Report, Allstate Property and Casualty Insurance Company knew or should have known that other valuation systems such as NADA book values or Kelly Blue Book values are the generally accepted valuation tools. These are used by individuals selling their vehicles, automobile dealerships and the like so that as a practical matter, complainant's vehicle cannot be replaced for the lower amount tendered by Allstate Property and Casualty Insurance Company and moreover, the CCC valuation report valuation does not represent either the actual cash value of the vehicle or the fair market retail value of the vehicle, the replacement value or the cost to purchase a comparable motor vehicle.

26.

On information and belief, under the collision provisions of his insurance policy with Allstate Property and Casualty Insurance Company was obligated to pay for the "loss" of his vehicle.

27.

The parties intended and Louisiana statutory law demands that the "loss" be considered the fair market retail value of the vehicle.

28.

Complainant paid his premiums and submitted a claim to Allstate Property and Casualty Insurance Company for the "loss" of his vehicle.

29.

Allstate Property and Casualty Insurance Company paid only a portion of the "loss".

30.

Complainant alleges that Allstate Property and Casualty Insurance Company's refusal to pay the full amount of his "loss" under the terms and provisions of his insurance policy with Allstate Property and Casualty Insurance Company, is a breach of the contract between Allstate Property and Casualty Insurance Company and the Complainant and similarly situated.

31.

On information and belief, Allstate Property and Casualty Insurance Company has breached its contractual obligations to the Complainant and other similarly situated, through its use of a vehicle valuation system which intentionally undervalues the "loss".

32.

Allstate Property and Casualty Insurance Company owes Complainant and others similarly situated, the fair retail value of their vehicle as their "loss" and not the lower value determined by its valuation system and Allstate Property and Casualty Insurance Company's refusal to pay the difference in value is arbitrary and capricious and bad faith.

33.

Allstate Property and Casualty Insurance Company's use of the CCC valuation report and its refusal to accept or pay the actual value of the vehicle as determined by a method authorized by LSA-R.S. 22:1892, the retail value generally accepted in the industry is a breach of the terms and conditions of its policy with the Complainant and other similarly situated policy holders.

34.

On information and belief, Allstate Property and Casualty Insurance Company employs the use of the CCC One Market Valuation Report knowing that it will undervalue the "loss" of its policyholders' vehicles and further, that it knew this information at the time it entered into contract with the petitioner and others similarly situated.

## USE OF CCC VIOLATES LOUISIANA LAW

35.

The aforementioned is a violation of Allstate Property and Casualty Insurance Company's affirmative duty to adjust claims fairly under the requirement of LSA-R.S. 22:1892 (formerly R.S. 22:658) and/or LSA-R.S. 22:1973 (formerly R.S. 22:1220) and it is therefore liable for penalties and attorney's fees.

36.

Allstate Property and Casualty Insurance Company's use of the CCC valuation product caused Complainant and others similarly situated to be paid less than he or they would have been had Allstate used a valuation method allowed by LSA-R.S. 22:1892B5.

37.

Allstate Property and Casualty Insurance Company's use of the CCC One Market Valuation Report violates Louisiana law and specifically, LSA-R.S. 1892 (B)(5)(b) in that the CCC One Market Valuation Report is not a "generally recognized used motor vehicle industry

source" but instead a tool employed for the specific purpose of undervaluing claims and thereby cheating its policy holders.

38.

Complainant specifically alleges that the CCC One Market Valuation Report is not a "generally recognized used motor vehicle industry source" within the intendment of R.S. 22:1892 (B)(5)(b). CCC One Market Valuation Reports are not used by any person or entity in the used vehicle industry. It is marketed exclusively to insurance companies with the intent of providing increased profits to its insurance company customers by undervaluing total loss vehicle claims.

39.

Complainant further alleges that the CCC One Market Valuation Report is not a "fair market value survey" as authorized under LSA-R.S. 22:1892B(5)(a).

40.

Allstate Property and Casualty Insurance Company's use of the CCC valuation system is bad faith within the intendment of LSA-R.S. 22:1973 and has caused Complainant and other similarly situated damages and entitles Plaintiff and similarly situated to penalties under that statute.

41.

Complainant specifically alleges that Allstate Property and Casualty Insurance Company has violated statutorily imposed duty under LSA-R.S. 22:1973A which requires an insurer to adjust claims promptly and fairly and to make a reasonable effort to settle claims with its insured.

42.

Complainant specifically alleges Allstate Property and Casualty Insurance Company has violated LSA-R.S. 22:1973(B)(5) in that more than 60 days have passed since he submitted satisfactory proof of loss to Allstate Property and Casualty Insurance Company but to date, they have not paid the full amount due under the terms of his insurance contract.

43.

On information and belief, Allstate Property and Casualty Insurance Company employs a system which specifically misleads their insureds, intentionally undervalues their claims, intentionally refuses to negotiate all of which violate Louisiana law and the affirmative duty of good faith and fair dealing that Allstate owes its insureds.

44.

Complainant alleged that to the extent that Allstate Property and Casualty Insurance Company's insurance policy conflicts with Louisiana State Law it should be deemed amended to conform and comply with the law.

## DAMAGES

45.

Defendant is liable to complainant individually and on behalf of others similarly situated for all damages including but not limited to:

    a)    The difference between the amount tendered by Allstate Property and Casualty Insurance Company and the fair market value of the vehicle;

    b)    Penalties;

    c)    Attorney's fees;

## CLASS ACTION

46.

Complainant prays that this matter be certified and maintained as a class action on behalf of all past and present Allstate Property and Casualty Insurance Company policyholders who have made claims against their policy for the total loss of a vehicle and had those claims undervalued through the use of the CCC One Market Valuation Report system and/or other unfair valuation tools used by Allstate Property and Casualty Insurance Company.

47.

Complainant represents that the class consists of numerous policyholders who are located throughout the State of Louisiana and the United States, so that joinder of all members is impractical.

48.

Complainant represents that the questions of law and fact are common to the class which include the following, to-wit:

   i. Is CCC One Market Valuation Report a "generally recognized used motor vehicle industry source" or a "fair market value survey" required under Louisiana State Law?

   ii. Does defendant's use of the CCC One Market Valuation Report system constitute bad faith and/or breach of contract?

49.

Complainant represents that the claims and defenses of the representative parties is typical of the claims or defenses of the class.

50.

Complainant represents that while the injury/damage may vary, the measure of injury is uniform i.e. the difference between the value determined under the CCC One Market Valuation Report system and the actual value as determined under a legal system via NADA, Kelley Blue Book or another generally recognized used motor vehicle industry source.

51.

Complainant represents that the damages can be determined on a class wide basis by using some of the data relied upon by CCC One Market Valuation Report in its computations (i.e. year, make, model and mileage of the vehicle) and using a legal source for the value of the vehicles such as NADA.

52.

Complainant is a member of the class he seeks to represent, and his interests coincide with, and are not antagonistic to the other class members. Complainant is a representative party and will fairly and adequately protect the interest of the class.

53.

Complainant represents that the class is or may be defined objectively in the terms of ascertainable data such that the Court may determine the constituency of the class for purposes of the conclusiveness of any judgment that may be rendered in the case.

54.

Complainant further represents that the prosecution of separate actions by or against individuals of the class would create a risk of inconsistent or varying adjudications with respect to individual members and would establish incompatible standards of conduct for the party opposing the class.

55.

Complainant represents that the class action is superior to all other available methods for the fair and efficient adjudication of this controversy.

WHEREFORE, Complainant, GLENN DURGIN, individually and on behalf of others similarly situated, prays that defendant, Allstate Property and Casualty Insurance Company, be served with a certified copy of this complaint and be cited to appear and answer same, that after all legal delays and due proceedings had, there be judgment rendered herein in favor of complainant and against defendant for such damages as are reasonable in the premises, with legal interest from the date of judicial demand until paid, for all costs of these proceedings, for attorney's fees, and for all general and equitable relief allowed by law.

    RESPECTFULLY SUBMITTED,

    KENNETH D. ST. PÉ, APLC

    /s/ Kenneth D. St. Pe´
    KENNETH D. ST. PÉ
    La. Bar Roll No. 22638
    311 W. University Ave., Suite A
    Lafayette, LA  70506
    (337) 534-4043


    THE MURRAY FIRM

    /s/ Stephen B. Murray, Sr.
    STEPHEN B. MURRAY, SR. (Bar Roll No. 9858)
    STEPHEN B. MURRAY, JR. (Bar Roll No. 23877)
    ARTHUR M. MURRAY (Bar Roll No. 27694)
    650 Poydras Street, Suite 2150
    New Orleans, LA  70130
    (504) 525-8100

LAW OFFICES OF KENNETH W. DEJEAN

 /s/ Kenneth W. DeJean
Kenneth W. DeJean (Bar Roll #:  4817)
Post Office Box 4325
Lafayette, LA 70502-4325
(337) 235-5294

WHALEY LAW FIRM


 /s/ John Randall Whaley
JOHN RANDALL WHALEY (#25930)
BENJAMIN H. DAMPF (#32416)
6700 Jefferson Highway
Building 12, Suite A
Baton Rouge, LA  70806
Phone:  225-302-8810