UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE-OPELOUSAS DIVISION

| | |
|---|---|
| GLENN DURGIN, Individually and on behalf of other similarly situated | CIVIL ACTION NO:  6:19-cv-00721-RRS-CBW |
| VERSUS | HONORABLE JUDGE:  Robert R. Summerhays |
| ALLSTATE PROPERTY AND CASUALTY INSURANCE COMPANY | MAGISTRATE JUDGE:  Carol B. Whitehurst |

**DEFENDANT'S MEMORANDUM IN SUPPORT OF ITS MOTION
TO DISMISS PETITION FOR PROPERTY DAMAGES, PENALTIES,
ATTORNEY'S FEES AND FOR CLASS CERTIFICATION**

Defendant Allstate Property & Casualty Insurance Company ("Allstate") through its undersigned counsel, and pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, respectfully moves this Court to dismiss Plaintiff's Petition for Property Damages, Penalties, Attorney's Fees and for Class Certification (Doc. 1), and First Supplemental and Amending Petition for Property Damages, Penalties, Attorney's Fees and for Class Certification (Doc. 5) (together, "Petition"), and compel Plaintiff Glenn Durgin ("Plaintiff") to proceed with contractually-mandated appraisal.

## **TABLE OF CONTENTS**

INTRODUCTION .................................................................................................................. 1

RELEVANT FACTUAL ALLEGATIONS ........................................................................... 1

ARGUMENT .......................................................................................................................... 3

    I.    Standard ................................................................................................................ 3

    II.    Plaintiff's Claims Should Be Dismissed Pending Completion Of Mandatory Appraisal. ........................................................................................... 4

    III.    Plaintiff's Bad Faith Claims Are Based On Plaintiff's Breach of Contract Claim And Thus Also Fail, And Are Alternatively Time-Barred .................... 7

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Alfiero v. MetLife Auto & Home Ins. Agency, Inc.*,
  No. 2:16-CV-513-DBH, 2017 WL 2804902 (D. Me. June 28, 2017) ........................................6

*Aspen Specialty Ins. Co. v. Technical Indus., Inc.*,
  No. 6:12-CV-02315, 2015 WL 339598 (W.D. La. Jan. 22, 2015) ............................................9

*Beasley v. GeoVera Specialty Ins. Co.*,
  No. CIV.A. 13-395, 2013 WL 3187289 (E.D. La. June 20, 2013) ...........................................5

*Belanger v. Geico Gen. Ins. Co.*,
  623 F. App'x 684 (5th Cir. 2015) ........................................................................................8, 9

*Bell Atl. Corp. v. Twombly*,
  550 U.S. 544 (2007) ..................................................................................................................3

*Bettor v. Esurance Prop. & Cas. Ins. Co.*,
  Case No. 18-61860-CIV-MORENO (S.D. Fla. entered Mar. 28, 2019), ECF
  No. 29 ........................................................................................................................................6, 7

*Bettor v. Esurance Prop. & Cas. Ins. Co.*,
  Case No. 18-61860-CIV-MORENO (S.D. Fla. entered June 17, 2019), ECF
  No. 42 ........................................................................................................................................6

*Bloomgarden v. Allstate Fire & Cas. Ins. Co.*,
  No. 18-62059-CIV, 2019 WL 2245475 (S.D. Fla. Mar. 15, 2019), *adopted &
  aff'd in part,* No. 18-62059-CIV (S.D. Fla. entered Aug. 6, 2019), ECF No. 77 ......................6

*Boise Packaging & Newsprint, L.L.C. v. Mueller Field Operations, Inc.*,
  No. 2:15-CV-2498, 2016 WL 4574028 (W.D. La. Aug. 31, 2016) ..........................................3

*Botai v. Safeco Ins. Co. of Ill.*,
  No. 2:14-CV-00445-EJL-REB, 2015 WL 4507486 (D. Idaho July 24, 2015) .........................6

*Branch v. Springfield Fire & Marine Ins. Co. of Springfield, Mass.*,
  4 So. 2d 806 (La. 1941) .............................................................................................................4

*Brown v. Protective Life Ins. Co.*,
  353 F. Supp. 2d 739 (E.D. La. 2004) ......................................................................................10

*Brown v. Schreiner*,
  81 So. 3d 705 (La. App. 4th Cir. 2011). ...................................................................................8

*City of Laurel, Miss. v. ARGO GROUP US*,
  No. CIV.A. 2:08CV185KSMT, 2009 WL 112220 (S.D. Miss. Jan. 14, 2009) ........................5

*Clausen v. Fid. & Deposit Co. of Md.*,
  660 So. 2d 83, 85 (La. App. 1st Cir. 1995) ..............................................................................7

*Creekstone Juban I, L.L.C. v. XL Ins. Am., Inc.*,
  No. 18-CC-0748, 2019 WL 2041798 (La. May 8, 2019) ........................................................5

*Dore v. Shelter Mut. Ins. Co.*,
  No. 13-CA-0545, 2013 WL 5915141 (La. App. 1st Cir. Nov. 1, 2013) ...................................5

*Enger v. Allstate Ins. Co.*,
  407 Fed. App'x 191 (9th Cir. 2010) ........................................................................................5

*Gillie v. La. Dep't of State Civil Serv.*,
  559 F. App'x 333 (5th Cir. 2014) ............................................................................................3

*Girard v. Atl. Mut. Ins. Co.*,
  198 So. 2d 444 (La. App. 1st Cir. 1967) ..................................................................................4

*Gordon v. State Farm Fire & Cas. Co.*,
  895 F.2d 1036 (5th Cir. 1990) .................................................................................................7

*Hampton v. Audubon Ins. Co.*,
  948 So. 2d 332 (La. App. 2d Cir. 2007) ..................................................................................7

*Hanchett v. Purdy*,
  No. CV 2:18-1310, 2018 WL 6626587 (W.D. La. Dec. 18, 2018) .........................................4

*Hilltop Bowl, Inc. v. U.S. Fid. & Guar. Co.*,
  259 F. Supp. 649 (W.D. La. 1966) ..........................................................................................4

*Island Concepts, LLC v. Certain Underwriters at Lloyd's, London*,
  No. CIV.A. 13-6725, 2014 WL 5524379 (E.D. La. Oct. 31, 2014) ........................................7

*Labarre v. Texas Brine Co., LLC*,
  No. 2016-0265 (La. App. 1st Cir. Dec. 2, 2016), *writ denied*, 231 So. 3d 631
  (La. 2017), *and writ not considered*, 233 So. 3d 608 (La. 2018) ............................................9

*Long v. Am. Sec. Ins. Co.*,
  52 So. 3d 260, 264 (La. App. 4th Cir. 2010) .......................................................................7, 8

*Manuel v. La. Sheriff's Risk Mgmt. Fund*,
  664 So. 2d 81  (La. 1995) ........................................................................................................9

*Marchinek v. Safeco Ins. Co. of Am.*,
  No. CV 17-70-BLG-SPW-TJC, 2018 WL 934631 (D. Mont. Jan. 26, 2018) ..........................6

*Marketfare Annunciation, LLC v. United Fire & Cas. Co.*,
   No. CIV.A. 06-7232, 2007 WL 837202 (E.D. La. Mar. 15, 2007) .........................................10

*Moore v. Travelers Ins. Co.*,
   321 F. App'x 911 (11th Cir. 2009) ................................................................................................6

*Naz, LLC v. United Nat'l Ins. Co.*,
   No. CV 17-5697, 2018 WL 3997299 (E.D. La. Aug. 21, 2018), *aff'd sub nom.
   NAZ, L.L.C. v. United Nat'l Ins. Co.*, No. 18-31008, 2019 WL 2608892 (5th
   Cir. June 25, 2019) ..................................................................................................................9, 10

*Newman v. Lexington Ins. Co.*,
   No. CIV.A. 06-4668, 2007 WL 1063578 (E.D. La. Apr. 4, 2007) ........................................4, 5

*Phuong Thi Nuguyen v. S. Fid. Ins. Co.*,
   No. CIV.A. 14-0297, 2014 WL 1276508 (E.D. La. Mar. 27, 2014) .........................................5

*Prudhomme v. Geico Ins. Co.*,
   No. CIV.A. 15-00098, 2015 WL 2345420 (W.D. La. May 14, 2015) ......................................9

*Ross v. Hanover Ins. Co.*,
   No. CIV.A. 09-3501, 2009 WL 2762713 (E.D. La. Aug. 27, 2009) .......................................10

*Se. Nursing Home Inc. v. St. Paul Fire & Marine Ins. Co.*,
   750 F.2d 1531 (11th Cir. 1985) ................................................................................................6, 8

*Shearer v. State Farm Fire & Cas. Co.*,
   No. 16-09469(FLW)(LHG), 2017 WL 3611743 (D.N.J. Aug. 22, 2017) ................................6

*St. Charles Par. Hosp. Serv. Dist. No. 1 v. United Fire & Cas. Co.*,
   681 F. Supp. 2d 748 (E.D. La. 2010) ..........................................................................................4

*Tellabs, Inc. v. Makor Issues & Rights, Ltd.*,
   551 U.S. 308 (2007) .....................................................................................................................3

*Theriot v. Midland Risk Ins. Co.*,
   694 So. 2d 184 (La. 1997) ...........................................................................................................8

*Yates v. Sw. Life Ins. Co.*,
   No. CIV. A. 97-3204, 1998 WL 61033 (E.D. La. Feb. 12, 1998) ..........................................10

**Statutes**

Cal. Bus. & Prof. Code § 17200 et seq. ..........................................................................................5

La. Civ. Code Ann. art. 3492 ............................................................................................................8

La. Rev. Stat. § 22:868 .......................................................................................................................5

La. Rev. Stat. § 22:1892................................................................................................1, 7

La. Rev. Stat. § 22:1973............................................................................................1, 7, 10

**Other Authorities**

Fed. R. Civ. P. 8(a) ............................................................................................................3

Fed. R. Civ. P. 12(b)(6).....................................................................................................3

## INTRODUCTION

Plaintiff's breach of contract and statutory bad faith claims should be dismissed, and Plaintiff should be compelled to proceed with the contractually-mandated appraisal process set forth in his insurance policy. The Policy reflects an agreement between the parties to resolve any dispute over the amount of loss through appraisal, upon invocation by either party. Courts across numerous jurisdictions dismiss claims where they are subject to a timely-invoked mandatory appraisal process like the one that Allstate has invoked here. Moreover, because Plaintiff's dispute as to the total loss amount owed is subject to mandatory appraisal, he has no claim for breach of contract, and thus cannot prove a necessary element of bad faith. Plaintiff's bad faith claim further fails because it is prescribed under the applicable one-year prescription period. Accordingly, Plaintiff's Complaint must be dismissed in its entirety.

## RELEVANT FACTUAL ALLEGATIONS

On August 12, 2016, Plaintiff's vehicle experienced flood damage. (Doc. 1, ¶ 7.) At the time of the flood, Plaintiff's vehicle was insured under a motor vehicle insurance policy issued by Allstate (the "Policy"). (*Id*. at ¶ 8.) Allstate declared the vehicle a total loss. (*Id*.) In accordance with the terms of the Policy and Louisiana law, Allstate estimated the actual cash value of Plaintiff's vehicle and provided a "Report Summary" to Plaintiff on August 14, 2016. (*Id*. at ¶ 16.)

Plaintiff filed this suit on June 7, 2019. Plaintiff brings a putative class action complaint against Allstate, alleging that Allstate underpaid first-party total loss vehicle claims based on the "Report Summar[ies]" generated by third party vendor CCC. (*Id*. at ¶¶ 23-24). Plaintiff alleges breach of contract and bad faith under La. Rev. Stat. § 22:1892 and La. Rev. Stat. § 22:1973. (*Id*. at ¶¶ 30-31, 35, 40 and 42.) The putative class consists of: "[A]ll past and present Allstate Property and Casualty Insurance Company policyholders who have made claims against their policy for the

total loss of a vehicle and had those claims undervalued through the use of the CCC One Market Valuation Report system and/or other unfair valuation tools used by Allstate Property and Casualty Insurance Company." (*Id*. at ¶ 46.)  Plaintiff seeks the difference between the amount tendered by Allstate and the fair market value of his vehicle, penalties, and attorney's fees.  (*Id*. at ¶ 45.)

Allstate's payment obligations are governed by the terms of the Policy and Louisiana law. In particular, part VII of the Policy provides in pertinent part:

> **Protection Against Loss To The Auto**
>
> **Coverage HH**
> **Auto Comprehensive Insurance**
> **We** will pay for direct and accidental loss to **your** insured **auto** or a non-owned **auto** not caused by collision….

(**Exhibit 1** at p. 20.)

> **Right to Appraisal**
> Both **you** and **we** have a right to demand an appraisal of the loss. Each will appoint and pay a qualified appraiser. Other appraisal expenses will be shared equally. The two appraisers, or a judge of a court of record, will choose an umpire. Each appraiser will state the actual cash value and the amount of loss. If the appraisers disagree, they'll submit their differences to the umpire. A written decision by any two of these three persons will determine the amount of the loss.

(*Id*. at p. 23.)

> **Limits of Liability**
> **Our** limit of liability is the least of:
>
> (1) the actual cash value of the property or damaged part of the property at the time of loss, which may include a deduction for depreciation; or
> (2) the cost to repair or replace the property or part to its physical condition at the time of loss using parts produced by or for the vehicle's manufacturer, or parts from other sources, including, but not limited to, non-original equipment manufacturers, subject to applicable state laws and regulations; or
> (3) the limit of liability shown on the Policy Declarations applicable to the damaged property; or
> (4) $500, if the loss is to a covered trailer not described on the Policy Declarations.
>
> Any applicable deductible amount is then subtracted.

> If **we**, at **our** option, elect to pay for the cost to repair or replace the property or part, **our** liability does not include any decrease in the property's value, however measured, resulting from the loss and/or repair or replacement. If repair or replacement results in the betterment of the property or part, **you** may be responsible, subject to applicable state laws and regulations, for the amount of the betterment….

(*Id*. at Policy Endorsement AU14699.)

## ARGUMENT

**I.      Standard**

A complaint must contain a "short and plain statement of the claim showing the [plaintiff] is entitled to relief." Fed. R. Civ. P. 8(a). Although Rule 8(a) does not require "detailed factual allegations," it does require "more than labels and conclusions." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

A court may dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). To survive a motion to dismiss, "factual allegations must be enough to raise a right to relief above the speculative level" and must be sufficient "to state a claim for relief that is plausible on its face." *Bell Atl. Corp.*, 550 U.S. at 555 and 570. In analyzing a motion to dismiss, the court should look to the four corners of the complaint, as well as documents that the complaint incorporates by reference and matters of which a court may take judicial notice. *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007); *Boise Packaging & Newsprint, L.L.C. v. Mueller Field Operations, Inc.*, No. 2:15-CV-2498, 2016 WL 4574028, at *2 (W.D. La. Aug. 31, 2016) (same). While the court must generally accept the plaintiff's well-pleaded facts as true, "conclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss." *Gillie v. La. Dep't of State Civil Serv.*, 559 F. App'x 333, 335 (5th Cir. 2014) (internal citation and punctuation omitted). "The complaint must contain either direct allegations on every material point necessary to sustain a recovery or

contain allegations from which an inference fairly may be drawn that evidence on these material points will be introduced at trial." *Hanchett v. Purdy*, No. CV 2:18-1310, 2018 WL 6626587, at *1 (W.D. La. Dec. 18, 2018) (Summerhays, J.) (internal punctuation and citation omitted) (granting motion to dismiss).

## II. Plaintiff's Claims Should Be Dismissed Pending Completion Of Mandatory Appraisal.

Plaintiff and Allstate agreed by the plain terms of the Policy to resolve all disputes over the amount of the loss by appraisal upon invocation by either party. As the filing of this suit reflects that Plaintiff disputes the amount of the loss on his total loss vehicle claim, Allstate demanded appraisal to invoke the obligatory, binding process contemplated in the Policy ("Appraisal Demand Letter") (attached hereto as **Exhibit 2**).[1] Louisiana courts enforce appraisal provisions like the one at issue here. *See Branch v. Springfield Fire & Marine Ins. Co. of Springfield, Mass.*, 4 So. 2d 806, 809 (La. 1941) (finding "[p]olicy provisions requiring the insured to submit the amount of his loss to private appraisal" to be valid); *Hilltop Bowl, Inc. v. U.S. Fid. & Guar. Co.*, 259 F. Supp. 649, 650-51 (W.D. La. 1966) (finding appraisal provision valid); *St. Charles Par. Hosp. Serv. Dist. No. 1 v. United Fire & Cas. Co.*, 681 F. Supp. 2d 748, 753 (E.D. La. 2010) (same); *Newman v. Lexington Ins. Co.*, No. CIV.A. 06-4668, 2007 WL 1063578, at *2 (E.D. La. Apr. 4, 2007) (same). As the amount of the loss has not yet been resolved through appraisal, Allstate cannot be liable for allegedly failing to pay the "full amount of [Plaintiff's] 'loss'," (Doc. 1 at ¶ 30), and there is no cause of action for breach of contract as a matter of law.

---

[1] Because the Appraisal Demand Letter simply evidences that Allstate has invoked the policy's terms, this Court may consider the Appraisal Demand Letter for the same reason that it may consider Plaintiff's policy. *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007); *In re Chinese Drywall Prod. Liab. Litig.*, 759 F.Supp.2d 822, 828 (E.D. La. 2010).

Pending completion of appraisal to resolve the amount of the loss, this suit should be dismissed, consistent with multiple decisions within Louisiana and the Fifth Circuit. *Girard v. Atl. Mut. Ins. Co.*, 198 So. 2d 444, 447 (La. App. 4th Cir. 1967) ("The suit was prematurely filed in view of plaintiff's refusal to comply with the [appraisal] requirements of the policy, and the exception was properly maintained. The penalty for filing a suit prematurely is dismissal."). *See also Phuong Thi Nuguyen v. S. Fid. Ins. Co.*, No. CIV.A. 14-0297, 2014 WL 1276508, at *1 (E.D. La. Mar. 27, 2014) (finding it would "serve the interests of judicial economy" to enforce the appraisal provision); *Beasley v. GeoVera Specialty Ins. Co.*, No. CIV.A. 13-395, 2013 WL 3187289, at *4 (E.D. La. June 20, 2013) (granting insurer's motion to compel appraisal and administratively close case pending appraisal); *Newman*, 2007 WL 1063578, at *4 (enforcing appraisal provision); *City of Laurel, Miss. v. ARGO GROUP US*, No. CIV.A. 2:08CV185KSMT, 2009 WL 112220, at *2 (S.D. Miss. Jan. 14, 2009) ("Federal Courts have routinely granted motions to dismiss based on the failure of plaintiffs to participate in an appraisal process demanded by the defendant.").[2]

Courts in the Fifth Circuit are not alone in their reasoning. Indeed, courts across numerous jurisdictions have dismissed similar claims in favor of appraisal. *See Enger v. Allstate Ins. Co.*, 407 Fed. App'x 191, 193 (9th Cir. 2010) (upholding dismissal of complaint alleging insurer used improper valuation method and finding that "until an appraisal is completed, it is impossible to

---

[2] Enforcement of the appraisal clause does not violate La. Rev. Stat. § 22:868, which provides that an insurance contract may not have a provision "[d]epriving the courts of this state of the jurisdiction of action against the insurer." Allstate here does not contend that this Court does not have *jurisdiction*, but rather that there has been no breach of contract claim because the disputed amount of total loss has not yet been resolved through the appraisal process. *See Dore v. Shelter Mut. Ins. Co.*, No. 13-CA-0545, 2013 WL 5915141 (La. App. 1st Cir. Nov. 1, 2013) ("Nor is there merit in Shelter Mutual's contentions that the appraisal provision violates La. R.S. 22:868 by divesting the district court of jurisdiction over Ms. Doré's claim. Appraisal provisions are enforceable in Louisiana."). *See also Creekstone Juban I, L.L.C. v. XL Ins. Am., Inc.*, No. 18-CC-0748, 2019 WL 2041798 (La. May 8, 2019) (finding that La. R.S. 22:868(A)(2) did not prohibit enforcement of forum selection clause that had nothing to do with *jurisdiction*).

know whether [plaintiff's] claim in fact was undervalued, such that her claims for breach of contract, breach of the covenant of good faith and fair dealing, and Cal. Bus. & Prof. Code § 17200 et seq., are viable"); *Moore v. Travelers Ins. Co.*, 321 F. App'x 911, 913 (11th Cir. 2009) (dismissing claims for failure to comply with appraisal); Order Adopting Magistrate Judge's Report and Recommendation and Granting Motion to Dismiss and to Compel Appraisal, *Bettor v. Esurance Prop. & Cas. Co.*, Case No. 18-61860-CIV-MORENO (S.D. Fla. entered June 17, 2019) (same), ECF No. 42; *Bloomgarden v. Allstate Fire & Cas. Ins. Co.*, No. 18-62059-CIV, 2019 WL 2245475, at *7 (S.D. Fla. Mar. 15, 2019) (Mag. J. Seltzer) (same), *adopted and aff'd in part by*, Order Affirming and Adopting Report of Magistrate Judge, *Bloomgarden v. Allstate Fire & Cas. Ins. Co.*, No. 18-62059-CIV (S.D. Fla. entered Aug. 6, 2019), ECF No. 77; *Marchinek v. Safeco Ins. Co. of Am.*, No. CV 17-70-BLG-SPW-TJC, 2018 WL 934631, at *5 (D. Mont. Jan. 26, 2018) (same); *Shearer v. State Farm Fire & Cas. Co.*, No. 16-09469(FLW)(LHG), 2017 WL 3611743, at *3 (D.N.J. Aug. 22, 2017) (compelling appraisal); *Botai v. Safeco Ins. Co. of Illinois*, No. 2:14-CV-00445-EJL-REB, 2015 WL 4507486, at *5 (D. Idaho July 24, 2015) (same). *Cf. Se. Nursing Home Inc. v. St. Paul Fire & Marine Ins. Co.*, 750 F.2d 1531 (11th Cir. 1985) (affirming summary judgment in favor of insurer based on appraisal provision); *Alfiero v. MetLife Auto & Home Ins. Agency, Inc.*, No. 2:16-CV-513-DBH, 2017 WL 2804902, at *3 (D. Me. June 28, 2017) (same).

Enforcing the appraisal provision not only fulfills the contractual expectations of the parties, but also serves the interests of efficiency. Multiple courts "favor appraisal provisions for which the parties themselves have contracted, preferring appraisal over resolution through judicial means." Report and Recommendation at 5, *Bettor v. Esurance Prop. & Cas. Ins. Co.*, Case No. 18-61860-CIV-MORENO (S.D. Fla. entered Mar. 28, 2019) (citation omitted), ECF No. 29. This is in part because "[c]onsiderable resources that might otherwise be required to resolve the

underlying factual and legal issues can be saved at the outset by the appraisers' relatively swift and informal decision as to the amount of the disputed loss." *Id*. at 5-6 (citation omitted).

Here, there is no question that Plaintiff's claims involve a dispute as to the amount of the loss for the totaled vehicle. This is precisely the type of dispute that the appraisal provision was designed to address. Accordingly, this Court should dismiss this suit pending completion of appraisal.

### III. Plaintiff's Bad Faith Claims Are Based On Plaintiff's Breach of Contract Claim And Thus Also Fail, And Are Alternatively Time-Barred.

Plaintiff has invoked two separate Louisiana bad faith statutes: La. Rev. Stat. § 22:1973 ("Section 1973") and § 22:1892 ("Section 1892").[3] Plaintiff's statutory bad faith claims fail for multiple reasons.

Plaintiff fails to allege a claim for breach of his policy and so has no basis for his statutory bad faith claims. *See Gordon v. State Farm Fire & Cas. Co.*, 895 F.2d 1036, 1039 (5th Cir. 1990) ("[T]he language of Section 22:[1892] leads us to conclude that the legislature did not intend to permit recovery of 22:[1892] damages in cases in which contractual damages are not awarded, for whatever reason."); *Hampton v. Audubon Ins. Co.*, 948 So. 2d 332, 334 (La. App. 2d Cir. 2007) ("The language of La. R.S. 22:[1892] suggests that the legislature did not intend to permit recovery of La. R.S. 22:[1892] penalties in cases in which contractual damages are not awarded."); *Clausen v. Fid. & Deposit Co. of Md.,* 660 So. 2d 83, 85 (La. App. 1st Cir. 1995). As set forth above, Plaintiff has no breach of contract claim because the disputed amount of total loss has not yet been resolved through the appraisal process. There is thus no basis for Plaintiff's bad faith claim. *See Island Concepts, LLC v. Certain Underwriters at Lloyd's, London*, No. CIV.A. 13-6725, 2014 WL

---

[3] La. Rev. Stat. § 22:1973 was previously codified as § 22:1220; La. Rev. Stat. § 22:1892 was previously codified as § 22:658.

5524379, at *14 (E.D. La. Oct. 31, 2014) ("Thus, the Court concludes that like in *Long*, Lloyd's compliance with the contractual appraisal process does not provide evidence of bad faith."); *Long v. Am. Sec. Ins. Co.*, 52 So. 3d 260, 264 (La. App. 4th Cir. 2010) ("[C]omplying with a contracted and self-invoked appraisal process fails to provide evidence or factual proof of vexatious, arbitrary, capricious, or conduct without probable cause."); *Se. Nursing Home*, 750 F.2d at 1539 (holding insured had no bad faith claim for failure to pay because appraisal process had not yet determined amount of loss).

Alternatively, Plaintiff's bad faith claims under Sections 1973 and 1892 still fail because they are prescribed. "Under Louisiana law, the correct prescriptive period to be applied in any action depends on the nature of the action; it is the duty breached that should determine whether an action is in tort or contract." *Belanger v. Geico Gen. Ins. Co.*, 623 F. App'x 684, 689 (5th Cir. 2015) (internal punctuation and citation omitted). Sections 1973 and 1892 impose duties on insurers that "are fiduciary in nature." *Theriot v. Midland Risk Ins. Co.*, 694 So. 2d 184, 193 (La. 1997). Claims for breach of fiduciary duties are quintessentially ones that "sound[] in tort," and thus are delictual in nature. *Brown v. Schreiner*, 81 So. 3d 705, 708 (La. App. 4th Cir. 2011).

Applying Louisiana law, claims under Section 1973 and Section 1892 are subject to a one-year prescription period. La. Civ. Code Ann. art. 3492. ("Delictual actions are subject to a liberative prescription of one year.") The one-year period "commences to run when the other party has knowledge of the wrongful act." *Schreiner*, 81 So. 3d at 708. In this case, the allegations of Plaintiff's Complaint reveal that he was aware of Allstate's total loss payment valuation by August 14, 2016 when Allstate issued its CCC Report Summary (Doc. 1, ¶ 16), yet he did not file his claims under Sections 1973 or 1892 until June 7, 2019 – nearly three years after they accrued. Thus, Plaintiff's statutory bad faith claims are untimely.

Application of the one-year delictual prescriptive period is appropriate even when a contract exists between the parties, because the alleged duty that is breached is one dictated by statute, not contract. *See Manuel v. La. Sheriff's Risk Mgmt. Fund*, 664 So. 2d 81, 84 (La. 1995) ("[Section 1973] does not speak on a matter that is a subject of the contract, or is specifically addressed in the contract. The statute speaks of an insurer's obligation to act in good faith toward insured and non-insured claimants and establishes penalties for the commission of certain acts, none of which are covered in the contract. Thus, the subject matter of the statute is unrelated to that of the contract.").

The United States Court of Appeals for the Fifth Circuit recently recognized that Louisiana law is unsettled, and some Louisiana state and federal courts have instead applied to claims under Sections 1973 and 1892 the ten-year prescription period normally applicable to contractual claims. *Belanger*, 623 Fed. App'x at 690 (concluding Sections 1973 and 1892 claims were time-barred under one-year prescriptive period where insured waived argument that ten-year prescriptive period applied). *See also Prudhomme v. Geico Ins. Co.*, No. CIV.A. 15-00098, 2015 WL 2345420, at *5 (W.D. La. May 14, 2015) (applying ten-year prescriptive period); *Aspen Specialty Ins. Co. v. Technical Indus., Inc.*, No. 6:12-CV-02315, 2015 WL 339598, at *3 (W.D. La. Jan. 22, 2015) (same).

Allstate contends that the better-reasoned approach is reflected in the majority of decisions applying the one-year prescriptive period to claims under Sections 1973 and 1892. *See Labarre v. Texas Brine Co., LLC*, 2016-0265 (La. App. 1st Cir. Dec. 2, 2006) (unpublished opinion) (finding trial court erred in applying ten-year prescriptive period to bad faith claims brought under Sections 1973 and 1892 and holding one-year prescriptive period applied), *writ denied*, 231 So. 3d 631 (La. 2017), *and writ not considered*, 233 So. 3d 608 (La. 2018); *Naz, LLC v. United Nat'l*

*Ins. Co.*, No. CV 17-5697, 2018 WL 3997299, at *3 (E.D. La. Aug. 21, 2018) ("Plaintiff's bad faith claims [under Sections 1973 and 1892] are therefore subject to a one-year prescriptive period."), *aff'd sub nom. NAZ, L.L.C. v. United Nat'l Ins. Co.*, No. 18-31008, 2019 WL 2608892 (5th Cir. June 25, 2019); *Ross v. Hanover Ins. Co.*, No. CIV.A. 09-3501, 2009 WL 2762713, at *2 (E.D. La. Aug. 27, 2009) ("Claims under La. Rev. Stat. 22:1973 are delictual in nature and are subject to a liberative prescription of one year."); *Marketfare Annunciation, LLC v. United Fire & Cas. Co.*, No. CIV.A. 06-7232, 2007 WL 837202, at *1 (E.D. La. Mar. 15, 2007) (finding "[p]laintiffs have one year to bring the claim against the insurer if it breaches its statutory duty" under Sections 1973 or 1892); *Brown v. Protective Life Ins. Co.*, 353 F. Supp. 2d 739, 743 (E.D. La. 2004) ("Section 22:1220 is subject to a one year liberative prescription."); *Yates v. Sw. Life Ins. Co.*, No. CIV. A. 97-3204, 1998 WL 61033, at *4 (E.D. La. Feb. 12, 1998) ("[A]ctions against insurers under La. R.S. 22:[1973] have been found delictual in nature and therefore governed by a one-year prescriptive period."). Accordingly, Allstate urges the Court to enforce the one-year prescriptive period.

Having sat on his alleged statutory bad faith claims for nearly three years, Plaintiff failed to act timely, and thus his Section 1973 and 1892 claims are time-barred.

**WHEREFORE**, Allstate respectfully requests this Court to enter an Order dismissing the claims and compelling Plaintiff to proceed with appraisal as required under his Policy.

Respectfully Submitted,

*/s/ Judy Y. Barrasso*
Judy Y. Barrasso, 2814
Laurence D. LeSueur, 35206
BARRASSO USDIN KUPPERMAN
  FREEMAN & SARVER, L.L.C.
909 Poydras Street, Suite 2400
New Orleans, Louisiana 70112
Telephone: (504) 589-9700
Facsimile:  (504) 589-9701
jbarrasso@barrassousdin.com
llesueur@barrassousdin.com

Mark L. Hanover (application *pro hac vice* to be submitted)
Kathleen V. Kinsella (application *pro hac vice* to be submitted)
Dentons US LLP
233 S. Wacker Dr., Suite 5900
Chicago, IL 60606
(312) 876-8000
mark.hanover@dentons.com
kathleen.kinsella@dentons.com

*Attorneys for Defendant*
*Allstate Property and Casualty Insurance Company*

## CERTIFICATE OF SERVICE

  I hereby certify that on September 3, 2019, I caused a true and correct copy of the foregoing DEFENDANT'S MEMORANDUM IN SUPPORT OF ITS MOTION TO DISMISS PETITION FOR PROPERTY DAMAGES, PENALTIES, ATTORNEY'S FEES AND FOR CLASS CERTIFICATION to be served upon all persons and entities registered and authorized to receive such service through the CM/ECF system.

              /s/ *Judy Y. Barrasso*

              *Attorney for Defendant*
              *Allstate Property and Casualty Insurance Company*

*1704243_1*