UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE-OPELOUSAS DIVISION

| | |
|---|---|
| GLENN DURGIN, Individually and on behalf of others similarly situated | CIVIL ACTION NO: 6:19-cv-00721-RRS-CBW |
| VERSUS | HONORABLE JUDGE: Robert R. Summerhays |
| ALLSTATE PROPERTY AND CASUALTY INSURANCE COMPANY | MAGISTRATE JUDGE: Carol B. Whitehurst |

**OPPOSITION TO DEFENDANT'S MOTION TO DISMISS
PETITION FOR PROPERTY DAMAGES, PENALTIES,
ATTORNEYS FEES AND FOR CLASS CERTIFICATION**

MAY IT PLEASE THE COURT:

The arguments raised in Allstate's motion to dismiss have been raised and rejected in multiple lawsuits involving claims virtually identical to those asserted by Plaintiff in this case. The instant suit follows on the heels of a number of similar suits alleging that the use of insurance-industry-sponsored total loss valuation platforms that produce average values far lower than those published in recognized used motor vehicle industry sources violates both the express requirements of La. R.S. 22:1892 B(5) and the general prohibition against bad faith insurance claims handling of La. R.S. 22:1973. Faced with similar motions to dismiss, courts of this District have repeatedly allowed these actions to proceed, and in the seminal case of *Slade v. Progressive*, certified identical claims as a class action which is scheduled for trial on the merits next August. For the reasons set forth herein, this Court should likewise allow this action to proceed.

Allstate challenges Plaintiff's suit on essentially two grounds. First, Allstate maintains that Plaintiff's failure to submit to the appraisal process set forth in his insurance policy precludes any

1

claims for breach of contract, and in turn, Plaintiff's bad faith claims. Second Allstate asserts that claims for bad faith arising from the improper valuation of Plaintiff's total loss have prescribed because the suit was filed more than one after Allstate adjusted Plaintiff's total loss claim. Rulings of courts of this District, in identical cases, dispose of both arguments. A virtually identical appraisal provision was found to have no bearing on identical claims for alleged violations of La. R.S. 22:1892 B(5) and La. R.S. 22:1973. *Prudhomme v. Geico Ins. Co., (Prudhomme II)*, 2018 WL 1371240 (W.D. La. 2018). Additionally, the court in *Prudhomme* twice rejected identical prescription challenges (with two different judges presiding), because first party claims for violations of La. R.S. 22:1892 and 22:1973 are subject to a ten year prescriptive period. *Prudhomme v. Geico Ins. Co.* (*Prudhomme I*), 2015 WL 339598 (W.D. La. 2015), and *Prudhomme II, supra*.

**I.     The appraisal provision of the Allstate policy does not preclude Plaintiffs' claims.**

The appraisal provision in the Allstate policy does not preclude Plaintiff from bringing the claims asserted in this lawsuit. The appraisal provision has no bearing on claims for violation of the express provisions of La. R.S. 1892B(5), and even if it did, that provision would be unenforceable as it would then conflict with the express provisions of La. R.S. 1892B(5).

**A.     The appraisal provision has no bearing on claims for intentional undervaluation of Plaintiff's total loss.**

The *Prudhomme II* court recently addressed a virtually identical appraisal provision in connection with the same claims for violation of La. R.S. 22:1892 and La. R.S. 22:1973 asserted here. There, Magistrate Judge Whitehurst found that application of the appraisal provision would not resolve claims for unlawful undervaluation of the plaintiff's vehicle in the first instance. Judge Whitehurst concluded:

> As to GEICO General's contention that the appraisal process could resolve Jack's claims in this lawsuit, the Court disagrees. Here, Jack claims that GEICO General's use of the CCC Valuescope system ("System") violates Louisiana law. He alleges that GEICO General's System used to appraise their insured's total loss vehicles "intentionally undervalues the loss," and therefore breaches its contractual obligations to its insureds. R. 67, 28. The Court disagrees that compelling appraisal will resolve Jack's claims in this lawsuit.
>
> *Prudhomme* II, at p. 6.

The same holds true here. Compelling plaintiff to submit to appraisal will not resolve claims that Allstate unlawfully used CCC to undervalue Plaintiff's vehicle.

**B.     If the appraisal provision were found to impact the claims asserted here, then the contract must be reformed to comport with the express requirements of La. R.S. 22:1892 B. (5).**

If this Court were to reject the holding in *Prudhomme II* that the appraisal provision has no impact on the claims asserted herein, then that provision would be unenforceable as contrary to Louisiana statutory law. If, as Allstate asserts, the appraisal provision would resolve Plaintiff's claims, then that provision conflicts with the express requirements of La. R.S. 1892B(5). The appraisal provision does not align with any of the exclusive means of valuing first party total loss claims set forth under La. R.S. 22:1892B(5). It is well established that when an insuring contract conflicts with Louisiana statutory requriements, the insurance policy is reformed to contain all requirements of Louisiana law. *Marcus v. Hanover Ins. Co.*, 98-2040 (La. 6/4/99), 740 So.2d 603, 606.

The Louisiana Supreme Court held in *Marcus*:

> An insurance policy issued in Louisiana is considered to contain all the provisions required by statute. *Simms*, 97-0416 at p. 3, 702

3

> So.2d at 688. Any policy provision that narrows or restricts statutorily-mandated coverage will not be enforced. *Block v. Reliance Ins. Co.*, 433 So.2d 1040, 1044 (La.1983). An insurer is not at liberty to limit its liability and impose conditions upon its obligations that conflict with statutory law or public policy. *Id.*

> *Marcus*, 740 So.2d at 606.

To the extent that the arbitration provision conflicts with the requirements of La. R.S. 22:1892 B.(5), that provision is unenforceable, and the insurance policy will be construed as containing the provisions of §1892 B(5).

La. R.S. 2:1892 B(5) sets forth an exclusive lists of means for determining the value of a first party vehicle total loss claim. The appraisal provision of the Allstate policy does not comport with any of the exclusive methods set forth in §1892 B(5).

Only one of the valuation methods allowed under §1892 allows for determination of total loss by appraisal. That provision, §1892B(5)(c), specifies that the appraisal must be done by a single appraiser agreed upon by both the insured and the insurer, and that the appraisal determination shall be "non-binding." The appraisal provision of the Allstate policy departs broadly from this statutory mandate. The appraisal provision calls for selection of two different appraisers, one selected by the insurer and one by the insured, not a single one agreed upon by the insured and the insurer as required by §1892B(5)(c). The policy term further requires the selection of a third appraiser, chosen either by the two appraisers or a court of record. Finally, it provides that the written decision by any two of the three appraisers "will determine the amount of the loss," which conflicts with the requirement of §1892B(5)(c) that the appraisal is to be "non-binding." If this provision can even be considered to resolve the claims asserted in this suit, then it conflicts with the requirements of La. R.S. 22:1892B(5).

The Court in *Slade v. Progressive*, the seminal case of this District considering claims identical to those presented here, reformed an automobile insurance policy to eliminate a total loss valuation method incompatible with La. R.S. 22:1892 and replace it with the express provisions of the statute. *Slade v. Progressive*, 2013 WL 12182957 (W.D. La. 2013). The *Slade* court found that the policy, as written, allowed for evaluation of the total loss by a third party valuation system such as that used by Progressive. However, the *Slade* court found that, while the policy as written may have allowed the practice complained of, if the valuation system failed to comply with the requirements of La. R.S. 22:1892, as alleged by plaintiff, then the policy would be reformed to conform to the requirements of the statute, and failure to meet the requirements of that section would be a breach of the insurance contract. *Id.*, at p. 6.

The same logic applies here. While the policy may require the insured to submit to a binding appraisal process, that process conflicts with the exclusive means of valuing a first party vehicle total loss set forth in La. R.S. 22:1892B(5). As such, the policy must be reformed to comport with the requirements of La. R.S. 22:1892B(5), and Plaintiff's breach of contract claims based on the violation of those requirements must be allowed to proceed.

**II.     Claims for violation of La. R.S. 22:1892B(5) are breach of contract claims.**

Allstate asserts that, because Plaintiff has not submitted to the appraisal process, Plaintiff cannot claim breach of contract, and as such cannot assert a claim under La. R.S. 22:1892 and La. R.S. 22:1973. As was discussed, *supra*, the contract must be reformed to comply with La. R.S. 22:1892. To the extent the appraisal process requires a valuation method different from any of those prescribed by §1892, the policy must be reformed, and any breach of the obligations of La. R.S. 22:1892 is deemed a breach of contract. To quote the *Slade* court:

> To the extent that Slade alleges that her policy should be reformed to comply with La.R.S. 22:1892(B)(5)(b), and that the policy, as reformed, has been breached, the undersigned concludes that Slade has adequately stated a breach of contract claim.
>
> *Slade*, at p. 6

By alleging that Allstate's use of CCC violates La. R.S. 22:1892 B(5), Plaintiff has asserted a viable breach of contract claim.

**III.     Plaintiff's first party bad faith claims are subject to ten years' prescription.**

Having asserted throughout its memorandum that Plaintiffs' claims are contractual in nature, Allstate does an about face on the issue of prescription, arguing that the one year prescriptive period for delictual obligations applies, not the ten year period for contractual claims. Allstate's position runs contrary to well established principles of Louisiana law holding that first party bad faith claims arise in contract, and as such are governed by the ten year prescriptive period for personal obligations. For this reason, the courts in *Prudhomme I* and *Prudhomme II* rejected the identical prescription argument raised by Allstate here, finding the ten year statute of limitations applies to claims by an insured against an insurer. *Prudhomme I.* at p. 5, *citing Aspen Specialty Ins. Co., v. Technical Industries, Inc.*, 2015 WL 339598 (W.D. La. 2015); *Prudhomme II*, at p. 6.

    **A.     Claims for unlawful use of CCC to undervalue first party total loss insurance claims are subject to ten years prescription.**

Prudhomme v. Geico involved claims identical to those at issue here. The *Prudhomme* court has twice held that suits for unlawful use of CCC to adjust first party total loss claims are subject to ten year prescription. Rejecting the very argument asserted by Allstate, and the same line of cases cited by Allstate, Judge Haik held in *Prudhomme I*:

> In support of their contention that the appropriate prescriptive period is the one-year period for delictual claims, Defendants cite *Zidan v. USAA Prop. & Cas. Co.,* 622 So.2d 265, 266 (La.App. 1 Cir.1993) and a line of cases following *Zidan*. Defendants note however, in *Aspen Specialty Ins. Co. v. Technical Industries, Inc.*, 2015 WL 339598, 2 (W.D.La.,2015), Magistrate Judge Hanna recently held that a ten-year prescriptive period applies to Section 1973 claims. The Court agrees with Judge Hanna's reasoning in *Technical Industries*.
>
> "The proper prescriptive period to be applied in any action depends upon the nature of the cause of action." *Roger v. Dufrene*, 613 So.2d 947, 948 (La.1993). *Zidan* involved a claim by a third-party to an insurance contract against an insurer. The *Zidan* court held that such a claim would be classified as a tort and subject to the one-year prescriptive period for delictual actions. This case, like *Technical Industries*, however, involves a claim by an insured against its insurer and is therefore a contract claim. Such a claim is classified under Louisiana law as a personal action subject to a liberative prescription of ten years. *Dufrene*, 613 at 948.
>
> *Prudhomme I*, at p. 5

Magistrate Judge Whitehurst reached the same conclusion in denying a motion to dismiss the claims of plaintiff Elvin Jack in *Prudhomme II*. Like Judge Haik, Judge Whitehurst "agree[d] with Judge Hanna's reasoning in *Aspen* and applie[d] it to this action finding that Jack's claim under La. R.S. §22:1973 is not prescribed." *Prudhomme II*, at p. 6. This Court should follow the holdings of *Prudhomme I* and *Prudhomme II*, that first party bad faith claims identical to those asserted here are subject to a ten year prescriptive period.

**B.    First party bad faith insurance claims arise in contract, and as such, are subject to ten years prescription.**

Allstate is correct that the applicable prescriptive period depends on the nature of the action. However, Allstate erroneously asserts that a first party bad faith insurance claim arises in tort.

7

Louisiana courts have repeatedly held that such claims arise in contract. The Louisiana Supreme Court has held that subsection A of 22:1973 (the section under which Plaintiff has sued) "recognizes the jurisprudentially established duty of good faith and fair dealing owed to the insured, which is an outgrowth of the *contractual* and fiduciary relationship between the insured and insurer." *Theriot v. Midland Risk Ins. Co.*, 95-2895 (La. 5/20/97), 694 So2d 184, 187 (emphasis added).[1]

Considering the Louisiana Supreme Court's holding in *Theriot*, the Louisiana Third Circuit recently held, "the breach of the duty of good faith, which the insurer owes, is the breach of an obligation that flows from the insurance contract...." *Fils v. Starr Indemnity & Liability Company*, 2017-896 (La. App. 3 Cir. 5/9/18), 263 So.3d 1157, 1167. Accordingly, the *Fils* court found the ten year prescriptive period for personal obligations applicable to first party bad faith claims under La. R.S. 22:1973. *Id.*[2]

In *Belanger*, cited by Allstate, the U.S. Fifth Circuit, citing *Aspen*, recognized that Louisiana courts might very well apply a ten year prescriptive period to first party bad faith claims. *Belanger*, 623 F. App'x 684 (5th Cir. 2015). However, the Fifth Circuit declined to address the question of whether Louisiana courts would find first party bad faith claims subject to ten years prescription, because the plaintiff in that case had waived any argument that a ten year period applied. In declining to address the question, the Fifth Circuit stated that no Louisiana court had yet answered

---

[1] Allstate cites *Theriot* for the proposition that the duties imposed by La. R.S. 22:1973 are "fiduciary" in nature, but fails to mention that in the very same paragraph to which Allstate cites, the Supreme Court stated, "an insurer's duties run primarily in favor of its *insured* as an outgrowth of duties that have their foundation in the *contract* between the parties." *Theriot*, 694 So.2d at 193.

[2] In its original opinion, the Third Circuit found a one year statute applicable to the plaintiff's bad faith claims, but on rehearing, reversed its original decision, finding its original analysis flawed. In its rehearing opinion, the Third Circuit cited to both Judge Haik's ruling in *Prudhomme I*, *supra*, and Judge Hanna's reasoning in *Aspen*.

the question of whether a one or ten year statute applies to first party bad faith claims under La. R.S. 22:1973.³

Since the Fifth Circuit's decision in *Belanger*, the Louisiana Third Circuit has answered this specific question in *Fils, supra*. Now that a Louisiana appellate court, in a reported decision, has found first party bad faith claims subject to ten years' prescription, the question has been resolved. This Court is obligated to follow the reported opinion of the Third Circuit in *Fils* that an insured's bad faith claims are subject to ten years' prescription. When a state intermediate appellate court has addressed an issue, a federal court is obligated to follow that ruling absent a compelling reason not to do so. *See Temple v. McCall*, 720 F.3d 301, 307 (5th Cir. 2013). *Fils* is the only reported Louisiana opinion to address the question, and this Court should defer to the Louisiana Third Circuit's ruling.⁴

### C. Claims under La. R.S. 22:1892 are subject to a ten year prescriptive period.

While there may arguably remain some dispute as to the prescriptive period applicable to bad faith claims under La. R.S. 22:1973, there is no such dispute as to claims under La. R.S. 22:1892. Louisiana courts have repeatedly and unanimously held that the prescriptive period applicable to claims under La. R.S. 22:1892 (formerly La. R.S. 22:658) is ten years. *Fils v. Starr Indemnity,* 263 So.3d at 1168; *Cantrelle Fence & Supply Co. v. Allstate Ins. Co.*, 550 So.2d 1306, 1308 (La.App.

---

³ The *Belanger* court did not mention the Louisiana courts that had repeatedly found a ten year prescriptive period applicable to first party bad faith claims under La. 22:658 (renumbered to La. R.S. 22:1892), see discussion *infra*.

⁴ The only Louisiana appellate court Allstate cites on the question is the unreported decision of *Labarre v. Texas Brine Co., L.L.C.*, No. 2016-0265 (La. App. 1st Cir. 12/2/2016), 2016 WL 7031633. Pursuant to Louisiana First Circuit court rules, the decision may not be cited as a holding of the court. Notably, on rehearing, the dissent in *Labarre* observed that the unreported decision was inconsistent with the First Circuit's reported decision in *Cantrelle Fence & Supply Co. v. Allstate Ins. Co.*, 550 So.2d 1306, 1308 (La.App. 1 Cir.1989), *writ denied*, 559 So.2d 123 (La.1990). In *Fils*, the Louisiana Third Circuit found that the dissent in *Labarre* was the correct statement of Louisiana law.

1 Cir.1989), *writ denied*, 559 So.2d 123 (La.1990); *We Sell Used Cars, Inc. v. United Nat'l Ins. Co.*, 715 So.2d 656, 660 (La.App. 2 Cir.1998). In *Cantrelle Fence*, the court said: "Finding no other prescriptive period specifically established for La. R.S. 22:658 [now 22:1892] actions, we apply the prescriptive period of 10 years, established by La. C.C. art. 3499."

No Louisiana court, nor any federal court for that matter, has found claims for penalties and attorneys' fees under La. R.S. 22:1892 subject to one year prescription, while at least three different Louisiana circuits have applied a ten year limitation to such claims. See *Fils*, *Cantrelle Fence* and *We Buy Used Cars*. In making an Erie guess, this Court must defer to the unanimous holdings of Louisiana appellate courts on this question. *See Temple, supra*.

Of course, as was noted in both *Fils* and *Aspen*, the prescriptive period for first party bad faith claims under La. R.S. 22:1973 should be the same as for La. R.S. 22:1892. The Louisiana Supreme Court has held that the conduct prohibited by La. R.S. 22:658 (now 22:1892) and the conduct prohibited by La. R.S. 22:1220 (now 22:1973) are "virtually identical." *Reed v. State Farm Mut. Auto Ins. Con.*, 20-03-C-0107 (La. 10/21/03)), 857 So.2d 1012, 1020. As Magistrate Judge Hanna observed in *Aspen*, there is no justification why "virtually identical conduct" should be subject to one year prescription under one statute but ten years under another. *Aspen*, 2015 WL 339498, at p. 3.

**D.      The majority of courts have applied a ten year prescriptive period to first party bad faith claims under La. R.S. 22:1973.**

To the extent there remains any argument as to whether the correct prescriptive period for claims under La. R.S. 22:1973, the overwhelming of majority of courts, including multiple courts of this District, have found ten years to be the correct period. Defendant suggests that a "majority

10

of decisions" favor applying a one year statute to Plaintiff's claims. While a handful of *decisions* – mostly unreported decisions from the Eastern District of Louisiana – have applied a one year prescriptive period to an insured's bad faith claims, the overwhelming majority of *courts*, including courts of this District, have found first party bad faith claims subject to a ten year prescriptive period. The overwhelming majority of jurisdictions to consider the prescriptive period for § 1973 claims by an insured have found it to be ten years: the Louisiana First Circuit in *Cantrelle Fence*, the Louisiana Second Circuit in *We Sell Used Cars*, and the Louisiana Third Circuit in *Fils* – all reported decisions – as well as the decisions of this Circuit in *Prudhomme I, Prudhomme II* and *Aspen*.

Nearly all of the cases cited by Allstate as comprising its purported "majority" come from the Eastern District of Louisiana, and only one of those is reported. *See Naz, LLC v. United Nat'l Ins. Co.*, No. CV 17-5697, 2018 WL 3997299 (E.D. La. Aug. 21, 2018)[5]; *Ross v. Hanover Ins. Co.*, No. CIV. A. 09-301, 2009 WL2762713 (E.D. La. Marketfare Annunciation, LLC v. United Fire & Cas. Co.*, No. CIV.A. 06-7232, 2007 WL 837202 (E.D. La. Mar. 2007); *Brown v. Protective Life Ins. Co.*, 353 F.Supp. 2d 739 (E.D. La. 2004); *Yates v. Sw. Life Ins. Co.*, No. CIV.A. 97-3204, 1998 WL 61033 (E.D. La. 1998). As Judge Hanna noted in *Aspen*, the Eastern District opinions all suffer from the same misplaced reliance on the Louisiana First Circuit's decision in *Zidan*, which did not involve first party bad faith claims.

Only the Eastern District, in one reported decision and four unreported decisions, and the Louisiana First Circuit, in the unreported *Labarre* decision (which, as the dissent in that case noted, conflicts with the reported decision of that same circuit in *Cantrelle Fence*), have ever applied a one

---

[5] In support of its application of a ten year statute, the *Naz* court cited to the original opinion in *Fils*, before the Third Circuit reversed that holding on rehearing. On rehearing, the Third Circuit noted that the *Naz* court had relied on the original *Fils* decision, which the *Fils* court rejected on rehearing. 263 So.3d at 1166.

year prescriptive period to first party bad faith claims. The Louisiana First, Second and Third Circuits, and several courts of this District, have applied ten year prescription to such claims. The weight of authority – to say nothing of the most persuasive reasoning – lies with the ten year holdings.

## CONCLUSION

The issues presented in Allstate's Rule 12 motion are nothing new. Numerous courts have considered and rejected identical arguments. The appraisal provision of Allstate's policy does not preclude Plaintiff's claims that Allstate's use of CCC to undervalue first party total loss claim is a bad faith violation of La. R.S. 22:1892 and La. R.S. 22:1973. As an insured, Plaintiff's suit for violation of La. R.S. 22:1892 and La. R.S. 1973 are subject to ten years prescription. This Court should deny Allstate's motion to dismiss.

RESPECTFULLY SUBMITTED,

MURRAY LAW FIRM

/s/ *Stephen B. Murray, Jr.*
STEPHEN B. MURRAY, Jr.
STEPHEN B. MURRAY, SR.
ARTHUR M. MURRAY
Suite 2150 Poydras Center
650 Poydras Street
New Orleans, Louisiana 70130
T: (504) 525-8100
F: (504) 584-5242


KENNETH D. ST. PÉ, APLC

/s/ *Kenneth D. St. Pe'*
KENNETH D. ST. PÉ
La. Bar Roll No. 22638
311 W. University Avenue, Suite A

                              Lafayette, LA 70506
                              T: (337) 534-4043

                              LAW OFFICES OF KENNETH W. DEJEAN

                              /s/ *Kenneth D. DeJean*
                              Kenneth W. DeJean
                              Post Office Box 4325
                              Lafayette, LA 70502-4325
                              T: (337) 235-5294
                              F: (337) 235-1095

                              WHALEY LAW FIRM

                              /s/ *John Randall Whaley*
                              JOHN RANDALL WHALEY (#25930)
                              BENJAMIN H. DAMPF (#32416)
                              6700 Jefferson Highway
                              Building 12, Suite A
                              Baton Rouge, LA 70806
                              T: (225) 302-8810

                              Counsel for Plaintiffs

## CERTIFICATE OF SERVICE

     I hereby certify that the preceding pleading has been served on all parties through their counsel of record by sending them a copy via electronic mail, on this 23rd day of September 2019.

                              /s/ *Stephen B. Murray, Jr.*
                              STEPHEN B. MURRAY, Jr.