UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| **GLENN DURGIN** | **CASE NO. 6:19-CV-00721** |
| **VERSUS** | **JUDGE ROBERT R. SUMMERHAYS** |
| **ALLSTATE PROPERTY & CASUALTY INSURANCE CO** | **MAGISTRATE JUDGE CAROL B. WHITEHURST** |

## MEMORANDUM RULING

Before the Court is the Motion to Exclude Expert Opinions of Nicole N. Zakowicz filed on behalf of Defendant, Allstate Property & Casualty Insurance Company. (Rec. Doc. 55). Plaintiff, Glenn Durgin, opposed the Motion (Rec. Doc. 68), and Allstate replied (Rec. Doc. 81). Considering the evidence, the law, and the arguments of the parties, and for the reasons fully explained below, Allstate's motion is denied.

## Factual Background

Plaintiff filed a putative class action against Allstate for breach of the insurance contract and bad faith damages arising from Allstate's allegedly improper vehicle valuation methods in property damage claims. The Court has not yet held a class certification hearing pending a determination of whether Plaintiff's proffered expert, Nicole Zakowicz's, opinion regarding vehicle valuation is acceptable. (Rec.

Doc. 99). Zakowicz is a Certified Public Accountant with expertise in performing relevant financial analyses and economic damages calculations. Allstate does not challenge her qualifications. Rather, Allstate contends that her method of calculating purported class damages is unreliable and otherwise inadmissible.

## Law and Analysis

The admissibility of expert opinions is governed by F.R.E. Rule 702, which provides that a witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if the proponent demonstrates to the court that it is more likely than not that: (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue; (b) the testimony is based on sufficient facts or data; (c) the testimony is the product of reliable principles and methods; and (d) the expert has reliably applied the principles and methods to the facts of the case.

The Fifth Circuit summarized the standard for admissibility under the seminal case, *Daubert v. Merrell Dow Pharm., Inc.,* 509 U.S. 579 (1993), as follows:

> *Daubert* provides the analytical framework for determining whether expert testimony is admissible under Rule 702 of the Federal Rules of Evidence. Under *Daubert,* trial courts act as gate-keepers overseeing the admission of scientific and non-scientific expert testimony. Trial courts must make a preliminary assessment of whether the reasoning or methodology underlying the testimony is scientifically valid and of whether that reasoning or methodology properly can be

>applied to the facts in issue. Stated differently, the trial judge must determine whether the expert testimony is both reliable and relevant.
>
>Many factors bear on the inquiry into the reliability of scientific and other expert testimony, including, but not limited to, whether the expert's theory or technique: (1) can be or has been tested; (2) has been subjected to peer review and publication; (3) has a known or potential rate of error or standards controlling its operation; and (4) is generally accepted in the relevant scientific community. The district court's responsibility is to make certain that an expert, whether basing testimony upon professional studies or personal experience, employs in the courtroom the same level of intellectual rigor that characterizes the practice of an expert in the relevant field.

*Burleson v. Texas Dep't of Crim. Just.*, 393 F.3d 577, 583–84 (5th Cir. 2004) (cleaned up).

These precepts apply equally at the class certification stage. *Prantil v. Arkema Inc.,* 986 F.3d 570, 576 (5th Cir. 2021) ("[I]f an expert's opinion would not be admissible at trial, it should not pave the way for certifying a proposed class.")

Zakowicz opined that, assuming Allstate is liable and Plaintiffs are entitled to damages, she can apply the methodology condoned in *Slade v. Progressive Insurance Company* to quantify damages by substituting the Base Value using NADA for Allstate's Base Value determination. (Rec. Doc. 55-2, p. 90). She further concluded that "[c]onsistent with the ruling of the Court in *Slade v. progressive Security Insurance Co.*, it is my opinion that damages can be calculated in the same way as in *Slade* since the same data are present here." (Rec. Doc. 55-2, p. 92). *Slade* was a similar case in which Progressive insureds sought class certification to recover

3

damages from Progressive's allegedly improper vehicle valuation method. In finding class certification appropriate, the Fifth Circuit approved the plaintiffs' damages methodology:

> [W]hen plaintiffs argue that damages can be decided on a class-wide basis, plaintiffs must put forward a damages methodology that maps onto plaintiffs' liability theory.
>
> \*\*\*
>
> Here, Plaintiffs' liability theory is that Defendant unlawfully used WorkCenter Total Loss (WCTL) to calculate the base value of total loss vehicles. Plaintiffs claim that using WCTL, instead of lawful sources such as the National Automobile Dealers Association (NADA) Guidebook or the Kelly Blue Book (KBB), resulted in their vehicles being assigned a lower base value and accordingly resulted in Plaintiffs receiving lower payouts on their insurance claims.
>
> Plaintiffs' damages theory aligns with that liability theory. Plaintiffs contend that damages can be calculated by replacing Defendant's allegedly unlawful WCTL base value with a lawful base value, derived from either NADA or KBB, and then adjusting that new base value using Defendant's current system for condition adjustment. Plaintiffs contend that such a calculation can be done on a class-wide basis because Defendant already possesses NADA scores for most of the class, NADA or KBB scores are otherwise publicly available, and Defendant already has condition scores for each vehicle. In fact, Plaintiffs' damages expert opined that she could apply Defendant's condition adjustment to Defendant's NADA scores or publicly available NADA or KBB data. This damages methodology fits with Plaintiffs' liability scheme because it isolates the effect of the allegedly unlawful base value. That is, by essentially rerunning Defendant's calculation of actual cash value but with a lawful base value, Plaintiffs' damages theory only pays damages resulting from the allegedly unlawful base value.

*Slade v. Progressive Sec. Ins. Co.,* 856 F.3d 408, 410–11 (5th Cir. 2017).

The *Slade* methodology for damages calculation applies to this case. The experts need only adjust the input values (e.g. base value) based on what the trier of fact determines to be appropriate. Allstate attempts to attribute a unique method of damages calculation to Zakowicz (calling it the "Zakowicz Methodology") in that she would rely on NADA and a condition adjustment to determine actual cash value. Allstate challenges this methodology as unreliable on several grounds, including that Zakowicz has never actually applied her method, the method has not been verified, the method cannot be accurately applied to this case, and that factual distinctions between Allstate's valuation method and Progressive's method in *Slade* are determinative.

The Court disagrees with Allstate's interpretation of Zakowicz's report. At its heart, Zakowicz's opinion is a statement of her ability to apply the *Slade* methodology to the facts of this case in order to determine purported damages. Allstate does not challenge Zakowicz's ability to "crunch the numbers," and indeed she appears qualified. (See 55-2, p. 105-107). Allstate's objections to Zakowicz's opinion are best considered as challenges to credibility and the weight of her testimony. See *Daubert,* 509 U.S. at 596, 113 S.Ct. 2786 ("Vigorous cross-examination, presentation of contrary evidence, and careful instruction on the burden of proof are the traditional and appropriate means of attacking shaky but admissible evidence."). The Court's conclusion is consistent with another division of this Court

which accepted Zakowicz as an expert in substantially identical cases. *Shields v. State Farm Mut. Auto. Ins. Co.*, No. 6:19-CV-01359, 2021 WL 4486097, at *3 (W.D. La. Sept. 29, 2021) (J. Cain). ("The court has reviewed Ms. Zakowicz's report and testimony and is satisfied that her adoption of the framework from *Slade* satisfies *Daubert*. Ms. Zakowicz's ability to defend any assumptions made in the process or to adapt the framework to different parameters goes to the weight her testimony should be afforded. Accordingly, there is no basis for excluding her report or testimony."). See also *Sampson v. United Servs. Auto. Ass'n*, No. 6:19-CV-00896, 2022 WL 1415652, at *5 (W.D. La. May 3, 2022) (*appeal pending*), wherein Judge Cain accepted Zakowicz's opinion and certified a class of insureds on substantially identical claims against USAA.

This Court agrees that Zakowicz's proposed methodology of applying the *Slade* methodology to calculate damages in this case is admissible to determine whether the class should be certified. Thus, the Court finds that Allstate's Motion to Exclude the Expert Opinions of Nicole Zakowicz should be denied.

THUS DONE in Chambers, Lafayette, Louisiana on this 6th day of June, 2023.

**CAROL B. WHITEHURST**
**UNITED STATES MAGISTRATE JUDGE**